CAUSE NO. 597938

ORLEAN AYERS                            §         IN THE 176TH DISTRICT

V                                       §         COURT OF

THE STATE OF TEXAS                      §         HARRIS COUNTY, TEXAS

## MOTION FOR OBJECTION FOR THE PRESERVATION OF APPELLATE REVIEW PURSUANT TO ART. 64.04

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Respectfully, ORLEAN AYERS, Movant, in the above style and number cause who is proceeding in pro se files and submits this Objection For The Preservation Of Appellant Review.

## STATEMENT OF FACTS

1. On June 2, 1992 Orlean Ayers(Defendant) was convict by a jury for the felony offense of Aggravated Robbery in cause number 597938 in the 176th District Court of Harris County, Texas and was sentenced to confinement for life in the Texas Department of Criminal Justice- Institutional Division.

2. On May 12, 1994 the Fourteeth Court of appeals delivered an opinion affirming the trial court's judgement in cause number 597938. Ayers v,. Sstate 879 S.W. 2d 176(Tex.App. Houston [14th Dist.] 1994. no pet.)

3. On December 24, 2008, Defendant filed a Motion for Forensic DNA Testing and Appointment of Counsel pursuant to Chapter 64 of the Code of Criminal Procedure in cause number 597938.

4. On April 29, 2009, The trial Court appointed Mark Hochglaube to represent Defendant in the Chapter 64 proceeding in the cause number 597938.

5. On January 27, 2011, Houston Police Department Identification Division, Ron Smith & Associates, Inc. re-examined (34) thirty-four latent prints at the request of Harris County District Attorney Alicia O'Neill. Latent print examination report HPD incident #043518991-O.

6. On February 1, 2011, the trial Court entered finding of facts granting post-conviction DNA Testing on latent print evidence and .32 caliber revolver which was to be conducted by the Texas

1.

Department of Public Safety-Crime Laboratory(TDPS-CL) in cause number 597938,

7. On August 5, 2011, Defendant filed a motion objecting to State excluding relevant DNA evidence(right index fingerprint L-2 of the RS&A inc.re-examine) with oder for testing.

8. On December 14, 2012, the Texas Dept.of Public Safety comp-leted DNA test on the latent prints and revolver. Laboratory#L2H-214408, Agency # 0435189910, County-Harris, Offense date 05/01/91

9. On December 21, 2012, Jennifer Moreno wrote an affidavit expounding "only" on the DNA analysis conducted on the fingerprintlift cards

10. On January 8, 2013, the 176th District Court of Harris County Texas issued an ex parte order without a live hearing based on State's Proposed Findings of Fact after DNA testing.

## II

1. The appellant objects to trial court not conducting a live hearing under art. 64.04 as required by chapter 64. and objects to not providing his attorney the opportunity to be present and object to perceived error in the proceeding as required by art. 64.01 (c)

2. The appellant objects to the trial court not DNA testing a right index fingerprint lifted from L-2, Plastic bag#2. This print is one of several right index prints withheld from defense at the time of trial. This print was lifted from the same bags that Christopher Montez stole from the store and left his prints on that was found at the crime scene. Assistant District Attorney, Alicia Devoy O'Neill discovered these right index fingerprints when she ordered the re-examination of thirty-four(34) latent prints, in which the prints choose for DNA testing came from. The record reflects that before appellant was arrested the Houston Police Department knew that they had lifted three suspects prints from the two gar-bage bags found at the crime scene. HPD crime lab knew that they had two of the suspects in custody (Monez and Morris) and one on the loose and when appellant turned himself in, they knew that the print did not match appellant's. This exculpatory evidence was withheld and would prove appellant's actual innocence.

Wherefore Premises Considered, Appellant prays that this Honorable